# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PLASTIC SURGERY INSTITUTE OF UTAH; MICHAEL KIRK MOORE, JR.; and KRISTIN JACKSON ANDERSEN,<br><br>Defendants. | **TRIAL ORDER**<br><br>Case No. 2:23-cr-10<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The final pretrial conference in this matter will be held on **June 20, 2025, at 10:00 A.M. in Room 7.300** of the Federal Courthouse located at **351 S. West Temple, SLC, UT 84101**. Counsel who will try the case shall attend. If the court deems it necessary, it may hear argument on motions *in limine* and other disputed matters at the final pretrial conference.

A **15-day** jury trial, including jury selection, will begin on **July 7, 2025, at 10:00 A.M. in Room 7.300** of the Federal Courthouse located at **351 S. West Temple, SLC, UT 84101**. Counsel shall be seated in the courtroom **no later than 9:30 A.M.** on the first day of trial.

In order to facilitate the conduct of the trial in this case, the parties and their counsel shall proceed as follows:

**A.    Court-Imposed Deadlines**

The deadlines in this Trial Order are court-imposed deadlines that cannot be modified or waived by stipulation of the parties. To modify any deadline, a party must file an appropriate motion with the court and receive an order from the court modifying the deadline. The motion may be joined by any other party.

**B.    Motions *in Limine***

   1.    Except for good cause shown, all motions *in limine*, including *Daubert* motions, shall be filed with the court no later than **Wednesday, May 28, 2025**. A separate motion shall be filed for each preliminary ruling sought. Each motion shall specifically identify the relief sought, contain a concise memorandum of law in the same document, and be accompanied by a proposed order.

    **2.**    A copy of the proposed order shall be emailed to utdecf_nielson@utd.uscourts.gov in Word format. The case name and number should be included in the email subject line.

    **3.**    Memoranda in opposition to any motions *in limine* shall be filed no later than **Thursday, June 5, 2025.**

    **4.**    Reply memoranda, if any, shall be filed no later than **Tuesday, June 10, 2025**.

    **5.**    Parties may jointly file motions in limine, memoranda in opposition, or reply memoranda, and any party may file a notice of agreement with another party's motion in limine.

**C.**    *Voir Dire* **Questionnaire**

The court will provide prospective jurors with an electronic questionnaire to facilitate jury selection. The court will provide the parties with a draft questionnaire and instructions for proposing additions or modifications. The parties shall promptly comply with these instructions. The court anticipates that counsel for the parties will receive a copy of the prospective jurors' answers in advance of *voir dire*.

**D.**    **Proposed Jury Instructions and Verdict Form**

    **1.**    **Jury Instructions**

        **a.**    Each party shall serve upon the other parties proposed preliminary and final jury instructions no later than **Monday, May 19, 2025**. The Defendants may jointly submit proposed instructions to the Government or each Defendant may do so separately. These instructions shall not be filed with the court. The parties shall then confer and agree on a set of jury instructions to the maximum extent possible.

        **b.**    The parties shall jointly file proposed jury instructions no later than **Wednesday, May 28, 2025**. Instructions on which the parties agree shall be shown in **ordinary font**. Instructions proposed by the Government to which one or more Defendants have not agreed, if any, shall be shown in **italicized font**. Instructions proposed by one or more Defendants to which the Government has not agreed, if any, shall be shown in **bold font**. If there is disagreement among the Defendants regarding any instruction, the parties shall note this disagreement in some other manner that clearly identifies the specific disagreement.

            **i.**    Each proposed instruction shall cite the authority that forms the basis for the instruction.

            **ii.**    All jury instructions shall be concise, understandable, and neutral statements of the law. Argumentative instructions are improper.

      iii.    Modified versions of statutory or other form jury instructions may be acceptable. A modified jury instruction shall, however, identify the exact nature of the modification made to the form instruction and cite authority, if any, supporting such modification.

      iv.    In addition to electronically filing the jury instructions, the parties shall also email a copy of the instructions, without citations of the supporting authorities, to utdecf_nielson@utd.uscourts.gov in Word format. The case name and number should be included in the email subject line.

    c.    Any objections to instructions proposed by another party shall be filed no later than **Wednesday, May 28, 2025**. All such objections shall recite the disputed proposed instruction in its entirety and specifically highlight the language to which the party objects in the proposed instruction. The objection shall contain both a concise argument why the proposed language is improper and citation of relevant legal authority, if any. Unless the position of the objecting party is that no instruction should be given relating to the subject or principle of law addressed by the language that is the subject of the objection, the objecting party shall submit an alternative instruction addressing that subject or principle of law as part of the jointly filed jury instructions. The Defendants may jointly file objections or each Defendant may file objections separately.

    d.    No later than **Thursday, June 5, 2025**, each party may file a concise response to another party's objections, if any. The Defendants may jointly respond to any Government objections or each Defendant may respond separately.

    e.    After reviewing the proposed instructions and any objections, the court will provide the parties with the jury instructions that it intends to use.

    f.    Near the end of trial, the court will hold a jury instruction conference on the record to make any necessary changes to the jury instructions. The parties' previously filed objections are objections of record and need not be repeated at the jury instruction conference. After the jury instruction conference, the court will provide the parties with a set of the final jury instructions.

2. **Verdict Form**

    a.    Each party shall serve upon the other parties a proposed verdict form no later than **Monday, May 19, 2025**. The Defendants may jointly submit a proposed verdict form to the Government or each Defendant may do so separately. These forms shall not be filed with the court.

  **b.**  The parties shall then confer and agree on a proposed verdict form to the maximum extent possible. The parties shall jointly file a proposed verdict form no later than **Wednesday, May 28, 2025**. Portions of the form on which all parties agree shall be shown in **ordinary font**. Portions of the form proposed by the Government to which one or more Defendants have not agreed, if any, shall be shown in **italicized font**. Portions of the form proposed by one or more Defendants to which the Government has not agreed, if any, shall be shown in **bold font**. If there is disagreement among the Defendants regarding any portion of the verdict form, the parties shall note this disagreement in some other manner that clearly identifies the specific disagreement. In addition to filing the proposed verdict form electronically, the parties shall email a copy of the proposed verdict form to utdecf_nielson@utd.uscourts.gov in Word format. The case name and number should be included in the email subject line.

  **c.**  Any objections to any portion of the form proposed by another party shall be filed no later than **Wednesday, May 28, 2025**. Objections may be accompanied by citations of authority and concise argument.

  **d.**  No later than **Thursday, June 5, 2025**, each party may file a concise response to another party's objections, if any.

  **e.**  After reviewing the parties' proposed verdict form and any objections, the court will provide the parties with the verdict form that it intends to use.

  **f.**  The court will review the verdict form at the jury instruction conference near the end of trial to make any necessary changes. The parties' previously filed objections are objections of record and need not be repeated at the jury instruction conference. After the jury instruction conference, the court will provide the parties with the final verdict form.

**E.**  **Exhibits**

  **1.**  Each party shall serve copies of each exhibit the party will offer for admission at trial upon the other parties no later than **Monday, May 19, 2025**. Exhibits to be exchanged shall include all evidence to be offered at trial except the following: oral testimony, documents to be used *solely* for impeachment, illustrative aids created in connection with oral testimony at trial, and objects or other physical evidence. Photos of objects and other physical evidence, however, shall be exchanged. The parties will be required to report to the court at the final pretrial conference whether they have complied with this requirement.

    **a.**  The parties shall pre-mark their exhibits to avoid taking up court time during trial to do so. The parties shall agree on numerical ranges that will accommodate all exhibits. Each party shall use reasonable effort to avoid duplication of any exhibit pre-marked by another party.

    **b.**    Pages of documentary exhibits shall retain Bates stamps used when the documents were produced in discovery.

**2.**    Any objection to an exhibit included on another party's exhibit list shall be filed no later than **Wednesday, May 28, 2025**. A party shall file with the objection a copy of the challenged exhibit, or, in the case of objects or other physical evidence, a photo of the challenged exhibit. Any objection to any exhibit not so made—except for an objection under Federal Rule of Evidence 402 or 403—will be waived unless the objecting party shows good cause for failing to raise the objection in accordance with this deadline.

**3.**    Each party may file a response to any objections raised by another party no later than **Thursday, June 5, 2025**. Parties may jointly file objections or responses and any party may file a notice of agreement with another party's objection.

**4.**    Exhibit lists, one paper copy of all marked exhibits, and four electronic copies of all marked exhibits shall be submitted to the court no later than **Wednesday, July 2, 2025, at 4:00 P.M.**

    **a.**    The paper copy of all marked exhibits shall be provided in a binder. The electronic copy of all marked exhibits may be submitted on a CD, DVD, or flash drive in PDF format. Optical Character Recognition (OCR) shall be run on the PDF files to enable text searching of the exhibits.

    **b.**    The proposed exhibit lists shall be filed electronically. Because exhibits do not become part of the record until admitted as evidence by the court, the exhibits themselves should not be filed on the court's docket and shall be delivered to the court. The parties may contact the clerk's office or the judge's chambers to make appropriate arrangements.

**5.**    Except for good cause shown, exhibits that have not been disclosed as required by Sections E.1 and E.4 of this order (other than those excepted from the disclosure requirement under Section E.1 of this order) will not be admitted into evidence at trial. If a previously unmarked exhibit is admitted into evidence during trial, paper copies of that exhibit shall be submitted to the court and to the other parties and an electronic copy shall be submitted to the Courtroom Deputy.

**6.**    To the extent reasonably possible, exhibits shall be presented electronically. For example, counsel shall display exhibits electronically when examining witnesses regarding those exhibits rather than relying solely on binders or physical copies of the exhibits.

**7.**    At the conclusion of each day of trial, counsel for the parties shall meet with the Courtroom Deputy to confirm on the record that all exhibits admitted that day have been entered onto the court's official witness and exhibit list and in the electronic evidence flash drive for the jury.

8. Immediately prior to jury deliberations, counsel for the parties shall review the compiled flash drive and certify on the record that the exhibits contained in the flash drive are correct and complete copies of the exhibits received in evidence. Failure to do so will constitute waiver.

F. **Witnesses**

1. Each party shall disclose any expert witnesses that will be called in support of the party's case-in-chief in accordance with Federal Rule of Criminal Procedure 16 and DUCrimR 16-1(c) no later than **Monday, May 12, 2025**.

2. Each party shall disclose any rebuttal expert witnesses in accordance with these rules no later than **Monday, May 19, 2025**.

3. Each party shall provide the other parties a list of all other witnesses the party will call or may call at trial no later than **Monday, May 19, 2025**, other than witnesses who will provide *only* impeachment testimony. If this requirement poses a danger to potential witnesses, or for other good cause, a party may seek relief from this requirement from the court.

4. The parties will be required to report to the court at the final pretrial conference whether they have complied with the requirements set forth in Sections F.1 and F.2 of this order.

5. No later than **Wednesday, July 2, 2025**, each party shall electronically file a proposed witness list.

6. Except for good cause shown, witnesses who have not been disclosed as required by Sections F.1–F.3 and F.5 of this order will not be permitted to testify.

7. Each day of trial, by **no later than 6:30 P.M.**, each party anticipating examining witnesses the next day shall provide by email the names of witnesses anticipated to be examined to the other parties and to the court at utdecf_nielson@utd.uscourts.gov. The case name and number should be included in the email subject line.

8. Each day of trial, by **no later than 8:30 P.M.**, each party shall disclose by email to the other parties and to the court a list of the exhibits, illustrative aids (other than illustrative aids that will be created during a witness's testimony), and other materials that the party anticipates using the following day in connection with the examination of each witness. If any proposed exhibits, illustrative aids, or other materials have not been previously disclosed, the party shall attach a copy or depiction of those exhibits, illustrative aids, or other materials to the email. The case name and number should be included in the email subject line. A party need not, however, disclose exhibits, illustrative aids, or other materials that the party intends to use *solely* to refresh recollection or *solely* for impeachment purposes.

9. Each day of trial, by **no later than 10:00 P.M.**, each party shall provide by email to the other parties and to the court a list of any objections that the party anticipates making to the admission or use of the exhibits, illustrative aids, or other materials identified by any other party. The case name and number should be included in the email subject line.

10. The parties are encouraged to consider whether they are willing to stipulate to the admission or use of any of the exhibits, illustrative aids, or other materials identified by the other parties and, if they are, to so inform the other parties and the court promptly by email. The case name and number should be included in the email subject line.

G. **Rule 404(b), Rule 609, and Intrinsic Evidence**

No later than **Monday, May 19, 2025**, the Government shall provide notice of any evidence of crimes, wrongs, or other acts not charged in the indictment that it intends to offer as (1) intrinsic evidence, (2) under Federal Rule of Evidence 404(b), or (3) to impeach a Defendant under Federal Rule of Evidence 609.

H. *Brady* **and Jencks Act Material**

If it has not already done so, the Government shall promptly disclose all *Brady* material. The obligation to disclose *Brady* material is ongoing. The Government is encouraged to disclose all existing Jencks Act material no later than **Monday, May 19, 2025**. The Government is encouraged promptly to disclose any additional Jencks Act material created after this date.

I. **Opening Statements**

1. If a party wishes to use any exhibits, illustrative aids, or other materials in the party's opening statement, the party shall, no later than **Wednesday, July 2, 2025**, disclose those exhibits, illustrative aids, or other materials to the other parties by email and to the court at utdecf_nielson@utd.uscourts.gov. The case name and number should be included in the email subject line.

2. If any party objects to such use of any of the identified exhibits, illustrative aids, or other materials, that party shall so inform the other parties and the court by email no later than **Thursday, July 3, 2025, at 5:00 P.M.** The case name and number should be included in the email subject line.

3. The parties may jointly agree to waive or limit the requirement that they disclose exhibits, illustrative aids, or other materials that they wish to use in their opening statements.

J. **Closing Argument**

1. Closing arguments will follow the court's final instructions to the jury.

2.  Any rebuttal closing argument by the Government will be limited to addressing new issues raised during the Defendants' closing argument. The same attorney shall offer initial and rebuttal closing arguments, and rebuttal closing argument may not take more time than the initial closing argument.

3.  If a Defendant bears the burden of proof on one or more issues, that Defendant may present rebuttal closing argument on those issues, subject to the same limits that apply to the Government's rebuttal closing argument.

4.  If a party wishes to use any illustrative aids or other materials in closing argument—*other than exhibits that were admitted into evidence during the trial or illustrative aids that were previously used during trial*—that party shall, **no later than 6:30 P.M.** the evening before closing arguments, disclose those illustrative aids or materials to the other parties by email and to the court at utdecf_nielson@utd.uscourts.gov. The case name and number should be included in the email subject line.

5.  If any party objects to such use of any of the identified illustrative aids or other materials, that party shall so inform the other parties and the court by email **no later than 8:30 P.M.** the evening before closing arguments. The case name and number should be included in the email subject line.

6.  The parties may jointly agree to waive or limit the requirement that they disclose illustrative aids or other materials that they wish to use in their closing arguments.

**K.  Courtroom Equipment**

Counsel wishing to use any courtroom equipment shall so state at the final pretrial conference. Trial counsel and support staff are expected to familiarize themselves with any equipment they intend to use in advance of trial.

**L.  Realtime or Daily Transcript Requests**

A party desiring realtime or daily transcription of the trial shall make such a request to the court reporters at least two weeks before the trial.

**M.  Courtroom Conduct**

The court has established the following ground rules for the conduct of counsel at trial:

1.  Counsel shall be on time for each court session. In most cases, trial will be conducted from 10:00 A.M. until 4:30 P.M. with a 45-minute lunch break and a 20-minute break during the afternoon. Counsel should be in the courtroom by 9:30 A.M., though proceedings may not start that early.

2. When possible, counsel shall raise issues requiring argument during recesses rather than at sidebar conferences while the jury is seated. The court will attempt to hear motions or matters that need to be addressed outside the presence of the jury at 9:30 A.M. or after the jury has been excused at the end of a trial day. If counsel have matters to address before the jury is brought in, they shall, if possible, notify chambers the evening before by sending an email to utdecf_nielson@utd.uscourts.gov. If an issue is not known until the morning of a trial day, counsel shall inform the Courtroom Deputy by 9:00 A.M. that there is a matter to discuss outside the presence of the jury.

3. Counsel shall stand as court is opened, recessed, or adjourned; when the jury enters or retires from the courtroom; or when addressing, or being addressed by, the court.

4. Counsel shall address all remarks to the court, not to counsel for another party, and shall not make disparaging or acrimonious remarks to or regarding counsel for another party or witnesses. Counsel shall instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

5. Counsel shall begin the examination of witnesses without preliminaries. Counsel shall refer to all persons, including witnesses, other counsel, and parties, by their standard salutation (Mr., Ms., Mrs., Dr., Officer, Detective, etc.) and their surnames, not by their first or given names.

6. Counsel shall instruct witnesses of the need to make a clear record of the proceedings. The acoustics of the courtroom are not well suited for engaging the jury or ensuring an accurately transcribed record unless counsel and witnesses speak into the microphone.

7. Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

8. Counsel shall not refer to other witnesses' testimony when questioning a fact witness. For example, counsel may not ask "Witness A testified . . . would you agree?" This rule does not apply to the examination of expert witnesses.

9. Counsel need not ask permission to approach a witness to briefly hand the witness a document or exhibit.

10. Counsel shall avoid speaking objections. In making objections, counsel shall instead state only the legal ground for the objection, including the specific rule of evidence relied upon, and withhold further comment or argument unless requested by the court. For example, "Objection. Hearsay, Rule 802." Counsel shall respond to objections in a similarly concise fashion. For example, "Excited utterance, Rule 803.2."

11. While a witness, other than a party, is under examination, no attorney may discuss matters relating to the trial with that witness during breaks without leave of the court.

12. Offers of, or requests for, stipulations shall be made outside the hearing of the jury.

13. When not arguing, objecting, or taking testimony, counsel—and anyone else seated at counsel table—should remain seated at counsel table. If it becomes necessary for someone seated at counsel table to leave the courtroom, it is not necessary to ask the court's permission.

14. Counsel and other trial participants should not visit or confer with anyone in the spectator section while court is in session. Messages may be delivered to counsel table if they are delivered discreetly with as little distraction or disruption to the proceedings as possible.

15. In opening statements and arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter at issue. The following examples would be improper: "I believe the witness was telling the truth," or "I found the testimony credible."

**IT IS SO ORDERED.**

DATED this **2nd** day of **May, 2025**.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

# APPENDIX A

## Table of Deadlines

| Date | Deadline |
|---|---|
| **Monday** <br> **May 12, 2025** | Disclose experts to other parties **(F.1)** |
| **Monday** <br> **May 19, 2025** | Disclose proposed jury instructions to other parties **(D.1.a)** <br> Disclose proposed verdict form to other parties **(D.2.a)** <br> Disclose proposed exhibits to other parties **(E.1)** <br> Disclose rebuttal experts to other parties **(F.2)** <br> Disclose other witnesses to other parties **(F.3)** <br> Government discloses other-act evidence to Defendants **(G)** <br> Government encouraged to disclose existing Jencks Act material **(H)** |
| **Wednesday** <br> **May 28, 2025** | File motions *in limine* **(B.1)** <br> File joint proposed jury instructions with the court **(D.1.b)** <br> Object to another party's proposed instructions **(D.1.c)** <br> File joint proposed verdict form with the court **(D.2.b)** <br> Object to another party's proposed verdict form **(D.2.c)** <br> Object to another party's exhibits **(E.2)** |
| **Thursday** <br> **June 5, 2025** | File opposition memoranda to another party's motions *in limine* **(B.3)** <br> File response briefs to another party's objections to proposed jury instructions **(D.1.d)** <br> File response briefs to another party's objections to proposed verdict form **(D.2.d)** <br> File response briefs to another party's objections to exhibits **(E.3)** |
| **Tuesday** <br> **June 10, 2025** | File reply memoranda in support of motions *in limine* **(B.4)** |
| **Friday** <br> **June 20, 2025** | Final pretrial conference |
| **Wednesday** <br> **July 2, 2025** | Submit exhibit lists, copies of exhibits to court **(E.4)** <br> Submit witness lists to court **(F.5)** <br> Disclose proposed opening-statement materials to other parties **(I.1)** |
| **Thursday** <br> **July 3, 2025** | Object to another party's proposed opening-statement materials **(I.2)** |

| **Monday**<br>**July 7, 2025** | Trial begins (15 days) |
|---|---|